# CHARLESTON

## FEAMSTER v. FEAMSTER.

Submitted January 17, 1905.   Decided February 21, 1905.

1. ASSUMPSIT—*Declaration—Failure of Proof.*
   A case in which the evidence fails to sustain the allegations of the declaration.  (p. 249.)

Error to Circuit Court, Greenbrier County.

Action by Joseph A. Feamster and another against S. W. N. Feamster.   Judgment for defendant.   Plaintiffs bring error.

*Affirmed.*

JOHN W. ARBUCKLE, for plaintiff in error.

PRESTON & WALLACE and MILLER & READ, for defendant in error.

McWHORTER, JUDGE:

Mary Feamster and Joseph A. Feamster brought their action of trespass on the case in *assumpsit* in the circuit court

of Greenbrier county against S. W. N. Feamster. At the
first term thereafter, on the 15th of November, 1898, the de-
fendant appeared and pleaded not guilty and issue was there-
on joined. On the 22d of November, 1900, the defendant
demurred to plaintiff's declaration, in which the plaintiffs
joined, which demurrer being considered by the court was
sustained and leave given to plaintiffs to amend their decla-
ration at bar and the case was continued. To which action
of the court in sustaining the demurrer plaintiffs excepted.
At the July term a jury was empaneled and sworn and having
heard the evidence returned a verdict for the defendant,
when the plaintiffs moved the court to set aside the verdict
as contrary to the law and the evidence, of which motion the
court took time to consider, and on the third day of August
the court having considered the motion to set aside the ver-
dict and grant a new trial, and affidavits in support thereof,
overruled the motion and gave judgment upon said verdict
for defendant for costs, to which ruling of the court the
plaintiffs excepted and were given thirty days in which to
file bills of exceptions. There is but one declaration filed in
the case and that contains only the common counts; nothing
to indicate any amendment to the declaration or to show
whether it is the original declaration filed, or an amended
declaration. There is no special count in or filed with said
declaration setting up any special agreement nor anything to
show what the plaintiffs are claiming, except a paper marked
"Exhibit A," which is copied into the record, which would
appear to be intended as a bill of particulars, and is as
follows:

"S. W. N. Feamster,
    To Mary Feamster and Jos. A. Feamster.

To value of oak logs and lumber which you failed and refused
to saw according to agreement and promise, 45,212 feet.......... $813.82

To value of poplar logs and lumber which you failed and
refused to saw according to agreement and promise, 17,738 feet.   407.97

To buckeye logs and lumber which you failed and refused
to saw according to agreement and promise, 2,363 feet............    29.64

To value of Lynn logs and lumber which you failed and re-
fused to saw according to agreement and promise, 465 feet.....     10.70

To interest on same 4 years.............................................   302.91

To timber and logs which you refused and failed to have
cut and sawed according to agreement and promise...............    500.00

                                                                $2,065.04"

There is nothing contained in the record by memorandum
of the clerk or order of the court to connect this paper with
the case, yet it is sufficient on its face to show that it was
intended as a bill of particulars and indicates an agreement
or agreements between the defendant and the plaintiffs
whereby defendant was to saw certain lumber for plaintiffs
and charging the defendant with refusing and failing to
carry out his contract in that behalf; but the evidence of-
fered in the case fails to show any contractual relation be-
tween defendant and the plaintiffs or either of them, either
express or by implication.   The plaintiffs introduced in con-
nection with the testimony of plaintiff Joseph A. Feamster
a certain contract in writing between said Joseph A. Feam-
ster and one C. W. Schrader dated January 31, 1894, whereby
the said Joseph A. Feamster was "To furnish all the saw
timber that is standing, and now cut into saw logs, with the
exception of what he may want to keep for rail timber    *
*    *    to be delivered at the two saw mill sets, and in a
convenient way for rolling on saw skids or in the customary
way of delivering logs to mill," and to pay a stipulated sum
per thousand feet for sawing and sticking said timber in
good order the said Schrader to be paid for sawing out of
the sales of the lumber as fast as it was sold.   In the same
connection plaintiffs offered an agreement in writing dated
April 9, 1894, between S. W. N. Feamster and the said C.
W. Schrader whereby Schrader agreed to saw the logs then
cut by Joseph A. Feamster and to stick the same when
sawed, in the name of S. W. N. Feamster until the said S.
W. N. Feamster should get $700 worth of sawed lumber,
and an additional amount sufficient to pay the saw bill and
when S. W. N. Feamster should receive said amounts of
lumber he was to turn over to Joseph A. Feamster the re-
mainder of the lumber.   Said Joseph A. Feamster further
testified to his having a contract with Schrader for two sets
on the land, one where they were then sawing and one at
Sugar Creek Hollow, and that the defendant S. W. N. Feam-
ster had the mill moved on to his own land and prevented it
from being moved to the Sugar Hollow on plaintiff's land
according to the contract with Schrader; "That when Schra-
der was done sawing at defendant's set he was anxious to
come back and finish sawing for plaintiff, but said defendant

said there should be no more timber cut on plaintiff's land and Schrader took the mill away and did not come back." It is claimed by plaintiff in his testimony that Schrader would have come back and finished the sawing but for the action of the defendant S. W. N. Feamster who prevented him from so doing and caused him to violate his contract, and the evidence of Schrader who was used as a witness by plaintiffs tends to prove this fact. The evidence of plaintiff tends to prove that plaintiffs cause of action against defendant S. W. N. Feamster, if any they have, is an action of trespass on the case, and not trespass on the case in *assumpsit*. There is a fatal variance between the *allegata* and *probata*. The evidence utterly fails to support the action of *assumpsit* and counsel for the defendant must have had this in mind when he tendered the general issue in case, instead of *assumpsit*. Plaintiffs having failed to support their declaration by their evidence, the judgment of the circuit court will have to be affirmed, but without prejudice to the rights of plaintiffs or either of them to bring such action hereafter as they may be advised.

*Affirmed.*